UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN DENNISON | CASE NO: 2:21-cr-00149-JDL |

**MOTION TO DISMISS PURSUANT TO F.R.CRIM.P. 12(b)(3)(B)(v)**

Defendant Brian Dennison, by and through undersigned counsel, moves this Court for Dismissal of the September 22, 2021, indictment charging Mr. Dennison with criminal transmission of a threat in interstate commerce in violation of 18 U.S.C. Section 875(c) (Section 875(c)). Defendant contends that the conduct alleged in the indictment fails to articulate a "true threat" as required by the First Amendment of the U.S. Constitution (First Amendment). For that reason, the Indictment fails to state an offense and must be dismissed.

Preliminary Statement

Mr. Dennison is charged with "knowingly and willfully transmit[ing] in interstate commerce a communication containing a threat to injure the person of another. Specifically, it is alleged that the Defendant used the internet to post on Twitter "I'm going to kill Jews with my ar15 tomorrow." (ECF No. 17). Because Mr. Dennison is charged with a pure speech crime, First Amendment protections apply requiring proof of a "true threat". *Cf. Watts v. United States*, 394 U.S. 705, 708 (1969) (a pure speech criminal statute requires that the government initially must prove a "true threat"). Mr. Dennison asserts that the alleged Twitter language does not state a true threat because there is an unconstitutional lack of specificity of the target and location of the threatened conduct. As a result, an element of the crime is lacking in the indictment.

1

Constitutionally unprotected "true threats" encompass "…statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia v. Black*, 538 U.S. 343 (2002). Rather than identifying an individual or group of individuals as targets, the indictment language refers to peoples of an entire ethno-religion, including a country, ethnicity, culture, several ethnic sub-divisions and related Semitic speaking peoples as the target.[1] In 2018 the Jewish population was estimated at 14.6 to 17.8 million worldwide. The largest Jewish populations (broadly defined since not all requirements for inclusion in the Jewish faith are the same world-wide) exist in Israel and North America, but smaller yet substantial populations exist in many countries throughout the world. See generally Wikipedia, Retrieved October 27, 2021, from https://en.wikipedia.org/wiki/Jews. Since constitutionally required specificity of the target and location is lacking, the indictment must be dismissed for failure to state an element of the offense.

Law and Argument

F.R. Crim. P. 12(b)(3)(B)(v) permits this court to dismiss an indictment for failure to state an offense. The Court presumes the allegations contained in the indictment to be true for purposes of the motion to dismiss. *United States v. Ziobrowski*, 2019 U.S. Dist. LEXIS 122141. A valid indictment "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of subsequent prosecution." *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013) (internal citations omitted). The sufficiency of an indictment may also be challenged on the ground that "the specific facts alleged fall beyond the scope of the relevant criminal statute as a matter of statutory

---

[1] "Group" is defined as: "a number of people or things that are together or in the same place". Merriam-Webster Dictionary, Retrieved October 28, 2021, from https//www.merriam-webster.com.dictionary/group.

interpretation." *Id.* at 293. Although the government is not required to set forth its entire case in an indictment for a Section 875(c) offense, it is incumbent on the government to make the context of the threat clear in an indictment charging a violation of a threat statute. *Id.* at 301.

Section 875(c) states: "[w]hoever transmits in interstate or foreign commerce any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both." The First Amendment does not provide protection for those who utter "true threats". *Virginia v. Black,* 538 U.S. 343, 359 (2003). The prohibition on true threats is to "protect[] individuals from the fear of violence and from the disruption that the threatened violence will occur", but only those threats that "are most likely to inspire fear of bodily harm can be constitutionally banned". *Id.* at 360. (Internal citations omitted). *Virginia v. Black* addressed state statutes punishing "cross-burning- for purposes of intimidation.[2]

"Although a true threat need not identify a specific individual as a target, the threat must be aimed at some discrete, identifiable group. *United States v. Cox,* 957 F.2d 264, 266 (6th Cir, 1992) (involving threat to hurt people at a specific bank); *United States v. Lincoln,* 589 F.2d 379 (8th Cir. 1979) (involving letters threatening to kill judges of the Eighth Circuit, under 18 U.S.C. Sec. 876). In *United States v. Baker,* 890 F. Supp. 1375 (E.D. Mich. 1995), 1995 U.S. Dist. LEXIS 8977, the defendant was charged with a Section 875(c) violation for threatening to sadistically torture "13- and 14-year-old girls" in email messages to a like- minded individual. The Court determined that the lack of specificity with respect to the class of targets was fatal to the indictment and granted a motion to dismiss on that, and other, grounds. *Id.* at 1388. In particular, the lack of a physical

---

[2] The Supreme Court concluded that: "Virginia may choose to regulate this subset of intimidating messages in light of cross burning's long and pernicious history as a signal of impending violence. Thus, just as a state may regulate only that obscenity which is the most obscene due to its prurient content, so too may a state choose to prohibit only those forms of intimidation that are most likely to inspire fear of bodily harm." *Id.* at 363.

location where the mayhem was to occur, combined with the generic nature of the alleged targets made the class too indeterminate to satisfy the specificity requirement identified in *Watts. Id.*

The government alleges that "[s]pecifically, DENNISON used the internet to post on Twitter "I'm going to kill jews with my ar15 tomorrow."" (ECF No. 17). As in *Baker* there is no reference to the location of the sender, or location of the proposed criminal event. Given that Twitter operates worldwide there is no way to identify a particular location or specific group of persons intended to be harmed. There is no discernable difference between "14- and 15-year-old girls" and "Jews" in this context. Both cases lack a sufficiently identified target group which would *reasonably* experience fear of bodily injury or death.

While the language is hateful and offensive, no reasonable objective person would take the statement as a real threat that they were going to be shot the following day. A possible one in a 15 million chance of violence is not the type of threat that would cause fear and disruption, much less a "gravity of purpose and threat of imminent violence towards the person" as constitutionally required. *Baker* at 1384. A reasonable person would not be put in fear of their lives by such language. *United States v. Turner,* 720 F. 3d 411, 424 (2d Cir. 2013). This is because, and courts have repeatedly acknowledged, that threatening a specific target by name leaves no doubt that a message is being sent while statements issued publicly through [social] media generally are much more diffuse and less likely to cause concern. *E.g., United States v. Syring,* 522 F. Supp. 2d 125, 132, (Dist. D.C.), 2007 U.S. Dist. LEXIS 85260 (statements made at rallies or through the media are far more diffuse in their focus); quoting *Planned Parenthood of the Columbia/Willamette, Inc. V. Am. Coalition of Life Activists,* 244 F. 3d 1007, 1018-19 (9th Cir.2001); see also *United States v. Bellrichard*, 994 F.2d 1318, 1321 (8th Cir. 1993) ("As a general proposition, correspondence of this sort delivered to a person at home or at work is more likely to be taken by the recipient as a

threat than is an oral statement made at a public gathering".) These are the exact type of cases that should and do receive First Amendment protection, in significant part because they do not meet the "most likely to inspire fear of bodily harm" requirement identified in *Virginia v. Black*. No court has ever determined that a threat to a class of 15 million people, including numerous subgroups and populations throughout the world, satisfies sufficient target specificity to preclude protection under the First Amendment.

Since adequate target specificity is required to preclude First Amendment protection, the failure of such specificity is fatal to the indictment, and the instant matter must be dismissed.

### Conclusion

For the above-stated argument and authority Mr. Dennison respectfully requests that this Court dismiss the indictment against him for failure to state an offense.

Dated November 2, 2021, in Portland, Maine.

Respectfully submitted,

*/s/ Thomas F. Hallett*
_____
Thomas F. Hallett
*Attorney for Defendant*
HALLETT WHIPPLE WEYRENS
6 City Center, Suite 208
P.O. Box 7508
Portland, Maine 04112-7508
PH: 207-775-4255
thallett@hww.law

## CERTIFICATE OF SERVICE

      I, Thomas F. Hallett, Esq., hereby certify that I have caused the above *MOTION TO DISMISS PURSUANT TO F.R.CRIM.P. 12(b)(3)(B)(v)* to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to counsel of record.

      Dated November 2, 2021, in Portland, Maine.

                                            Respectfully submitted,

                                            */s/ Thomas F. Hallett*
                                            _____
                                            Thomas F. Hallett
                                            *Attorney for Defendant*
                                            HALLETT WHIPPLE WEYRENS
                                            6 City Center, Suite 208
                                            P.O. Box 7508
                                            Portland, Maine 04112-7508
                                            PH: 207-775-4255
                                            *thallett@hww.law*