UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

———————————————————

UNITED STATES OF AMERICA,          CRIMINAL ACTION

　　　　　　　Plaintiff          Docket No:

　　　　　　　　　　　　　　　　2:21-cr-00149-JDL-1

　　　-versus-          2:21-mj-00237-P-R


BRIAN DENNISON,

　　　　　　　Defendant

———————————————————

Transcript of Proceedings


Pursuant to notice, the above-entitled matter came on for **Initial Appearance via Zoom** held before **THE HONORABLE JOHN H. RICH III,** United States District Court Judge, in the United States District Court, Edward T. Gignoux Courthouse, 156 Federal Street, Portland, Maine, on the 14th day of September, 2021 at 9:38 a.m. as follows:


Appearances: (All participants via Zoom teleconference.)

For the Government:  Craig M. Wolff, Esquire
　　　　　　　　　　Assistant United States Attorney

For the Defendant:  Thomas F. Hallett, Esquire

Also Present:  Stacy A. Laflin, U.S. Probation Officer


Tammy L. Martell, RMR, CRR
Official Court Reporter

(Prepared from manual stenography and
computer aided transcription)

1          (All participants via Zoom teleconference.)

2          THE CLERK:  Attention, everyone, the United

3     States District Court is now in session.  The Honorable

4     John Rich, presiding.

5          THE COURT:  All right, good morning, everyone.

6          This is a hearing in a criminal matter.  The case is

7     the case of the United States of America versus Brian

8     Dennison which is this court's magistrate number

9     21-mj-237-P-R.  The matter scheduled for this morning is

10    Mr. Dennison's initial appearance on a criminal

11    complaint that has been filed against him by the

12    government with this court.

13         The record should reflect that the government is

14    present by videoconference through Assistant United

15    States Attorney Craig Wolff.

16         Good morning, Mr. Wolff.

17         MR. WOLFF:  Good morning, Your Honor.

18         THE COURT:  That Mr. Dennison is present also by

19    videoconference.

20         Good morning, Mr. Dennison.  Can you see me and hear

21    me okay, sir?  I think you might -- your mic -- your

22    microphone --

23         THE DEFENDANT:  I can hear you.

24         THE COURT:  Okay.  Thank you, sir.

25         Also present by videoconference is Mr. Dennison's

1  retained counsel, Thomas Hallett, Esquire.

2      Good morning, Mr. Hallett.

3          MR. HALLETT:  Good morning, Your Honor.  And I'm

4  retained for right now for the purposes of this hearing,

5  Your Honor.  I anticipate I'll be retained for the case,

6  but I have not yet been done so, but for today I am

7  retained.

8          THE COURT:  All right.  Thank you.  That

9  clarification is noted.

10      Also present on behalf of the United States

11  Probation and Pretrial Services Office is U.S. Probation

12  Officer Stacy Laflin.

13      Good morning, Officer Laflin.

14          PROBATION OFFICER:  Good morning, Your Honor.

15          THE COURT:  We are starting a few minutes late,

16  but I understand that the jail is dealing with some

17  COVID-related issues this morning and things have been

18  delayed.

19      Mr. Hallett, have you had a chance to discuss with

20  Mr. Dennison whether or not for purposes of today's

21  hearing, the initial appearance, he intends to give up

22  his right to be present in person and agree to proceed

23  by video?

24          MR. HALLETT:  I have had that discussion, and he

25  does waive that right, Your Honor.

1          THE COURT:  All right.  Thank you.

2      So, Mr. Dennison, as I'm sure Mr. Hallett has

3  already carefully explained to you, I will have some

4  questions for you, now that we are on the record, to

5  confirm what Mr. Hallett just told me.  I'll have three

6  or four questions for you.  Before I ask you those

7  questions, however, I do have a few preliminary matters

8  to also address.

9      First, to the extent that we do proceed by video

10  this morning, that will be pursuant to the authorization

11  that is provided for doing so in the federal CARES Act

12  and in this court's applicable General Orders, provided

13  that Mr. Dennison consents.

14      Anyone who has been granted remote access to this

15  morning's proceeding is advised of this court's

16  prohibition against any recording or photographing or

17  rebroadcasting of any court proceeding, and further

18  advised that any violation of that prohibition could

19  result in the imposition of sanctions upon them as this

20  court deems appropriate and necessary.

21      Secondly, Mr. Dennison, although I understand that

22  you and Mr. Hallett had a few minutes together privately

23  before I came on this videoconference, to the extent

24  that at any time this morning you would like to speak

25  with Mr. Hallett further, please just let me know that

```
 1   and of course I'll allow that to happen.
 2       You and Mr. Hallett can be placed into a private
 3   virtual breakout room where you can speak without anyone
 4   being able to hear you or see you, and then when you're
 5   done with your conversation Mr. Hallett can let the
 6   courtroom deputy know and you can both be brought back
 7   on to this screen at that time.  Do you understand?
 8           THE DEFENDANT:  I understand.  Can I ask him a
 9   question?
10           THE COURT:  Ask your -- sure.
11       Mr. Gordon, would you place Mr. Hallett and Mr.
12   Dennison in a breakout room.
13       (A break was taken from 9:43 a.m. to 9:44 a.m.)
14           THE COURT:  Mr. Hallett, are you all set?
15           MR. HALLETT:  I believe we are, Your Honor.
16           THE COURT:  All right.  Very well.  Also, Mr.
17   Dennison, in addition to having the right to speak with
18   Mr. Hallett at any time during this morning's
19   proceeding, which I'm not anticipating will be
20   particularly long, if at any time before we conclude
21   this morning you decide that you have changed your
22   mind -- and I'm anticipating, based on what Mr. Hallett
23   has told me, that you will be consenting to proceeding
24   by video; but if, before we get done this morning, you
25   decide that you have changed your mind and that you
```

1    would like to appear in person, you also have the right

2    to let me know that, and of course there, too, I will

3    grant that request.

4         That will mean, however, that today's proceeding,

5    your initial appearance, will be postponed.  And

6    because, although this court is conducting some in-court

7    proceedings, we have very limited courtroom space,

8    unfortunately I would not be able to tell you, or the

9    lawyers, the date and time when the matter would be

10   rescheduled in court, but it would be sometime in the

11   coming weeks.  Do you understand that as well?

12              THE DEFENDANT:  Yes.

13              THE COURT:  All right.  Thank you, Mr. Dennison.

14   Mr. Dennison, as you heard Mr. Hallett just tell me I

15   understand from him that, after speaking with him, you

16   have decided to give up your right to be present in

17   person for purposes of today's proceeding, and for

18   purposes of today's proceeding have decided to agree

19   proceed by video; is that true?

20              THE DEFENDANT:  Yes.

21              THE COURT:  Thank you.  Is there anything or

22   anybody, Mr. Dennison, who is either pressuring you or

23   rushing you or in any way forcing you against your will

24   either to give up your right to be present in person or

25   forcing you against your will to agree to proceed by

1   video?

2         THE DEFENDANT:  No.

3         THE COURT:  Thank you.  Do you understand, Mr.

4   Dennison, that the fact that we will then, with your

5   consent, be proceeding by video does not diminish the

6   legal significance of whatever happens this morning by

7   video and that you will be bound by whatever happens

8   this morning by video just as you would be if you were

9   appearing before me in person in a courtroom?

10        THE DEFENDANT:  I understand.

11        THE COURT:  All right.  Thank you, sir.  Let me

12  get the position of the attorneys.

13      First, for the government.  Mr. Wolff, what's the

14  government's position on proceeding by video?

15        MR. WOLFF:  Your Honor, the government has no

16  objection to proceeding by video today.

17        THE COURT:  All right.  Thank you.

18      And, Mr. Hallett, based on my colloquy with your

19  client, what is your position, as defense counsel, on

20  proceeding by video?

21        MR. HALLETT:  The defense consents to proceeding

22  by video.

23        THE COURT:  All right.  Thanks very much,

24  everyone.  Then I do find at this time that the

25  Defendant Brian Dennison's waiver of his right to be

1  physically present for this morning's hearing is knowing

2  and voluntary because, as is contemplated by the federal

3  CARES Act, after consultation with counsel, Mr. Dennison

4  has agreed to proceed by video.

5      I also find that proceeding by video is appropriate

6  in order to avoid what would otherwise be an increased

7  health risk were we to proceed in person in a courtroom

8  during the coronavirus pandemic, and I find that

9  proceeding by video serves the ends of justice because

10  Mr. Dennison, through counsel, is reasonably requesting

11  that his initial appearance go forward, and I do find

12  that it cannot be delayed without serious harm to the

13  interests of justice.

14      Accordingly, I authorize Defendant Brian Dennison to

15  appear and to participate this morning at his initial

16  appearance by video as a narrowly tailored remedy to

17  protect the compelling state interests in health and

18  safety and to serve the ends of justice.

19      Mr. Hallett, have you received a copy of the

20  complaint and the three supporting affidavits in this

21  case?

22          MR. HALLETT:  I have, Your Honor, and I've gone

23  over the complaint and shown the complaint to my client.

24  I have read portions of the affidavits, I have not been

25  able to read the entire affidavit.  We just simply

1   didn't have time to complete reading the affidavits.

2           THE COURT:  All right.  Very well.  Thank you.

3   And --

4           MR. HALLETT:  Yes.

5           THE COURT:  -- while we're addressing these

6   preliminaries, with regard to Mr. Dennison's date of

7   arrest on the complaint -- let me start with the

8   government -- Mr. Wolff, what does the government

9   contend was Mr. Dennison's date of arrest?

10          MR. WOLFF:  Your Honor, it was on Saturday,

11  September 11th.

12          THE COURT:  All right.  Mr. Hallett, does the

13  defense agree that that is the correct date?

14          MR. HALLETT:  Yes.

15          THE COURT:  All right.  The record will so

16  reflect.  I do note that the docket indicates the 12th,

17  but it sounds like both parties are in agreement that it

18  is -- it was on Saturday, correct, Mr. Wolff?

19          MR. WOLFF:  That's correct, Your Honor.

20          THE COURT:  All right.  Very well.

21      All right, Mr. Dennison, let me explain to you why

22  you are appearing before me this morning.  This is what

23  is known as your initial appearance in federal court on

24  a one-count complaint that has been filed against you.

25      The purpose of this morning's proceeding is for you

1    to be brought before a judge to have addressed

2    principally three things.  First, I will explain to you,

3    although I know you've had a chance to meet with

4    Attorney Hallett already, the single charge against you

5    that is contained in the complaint filed with this

6    court, and also the penalty that you face in connection

7    with that charge should you be convicted of it.

8        Secondly, and as a very important aspect of what

9    we'll be doing this morning, I will explain to you your

10   rights.

11       And, thirdly, I'll explain to you the circumstances

12   under which you may be entitled to be released before

13   your trial in this case.

14       I will not be taking a plea from you this morning.

15   In other words, there will be no arraignment today.

16   And, of course, it's not the purpose of this or any

17   other initial appearance for there to be any attempt

18   made by me or anyone else to determine your guilt or

19   your innocence in connection with the charge against

20   you.  That matter is reserved for trial.

21       In the one-count complaint, you are charged with

22   transmitting threatening interstate communications in

23   violation of Section 875(c) of Title 18 of the United

24   States Code.  And should you be convicted of that

25   charge, which is a Class D felony, you would face a term

1    of imprisonment of up to five years, a fine of up to

2    $250,000, or both, and a term of supervised release of

3    up to three years.

4        In addition, for any violation of supervised

5    release, should there be one in the future, meaning

6    first should you be convicted of the charge against you;

7    second, should supervised release be imposed as part of

8    your sentence; and, third, should, at some time in the

9    future, you violate one or more of the conditions of

10   your supervised release, for that violation of

11   supervised release you would face a maximum term of

12   imprisonment of two years and a maximum additional term

13   of supervised release of three years less any term of

14   imprisonment that might be imposed upon revocation of

15   your supervised release.

16       Finally, Mr. Dennison, should you be convicted of

17   the single charge against you, you would be assessed a

18   special felony assessment of $100 per count, or a

19   maximum of $100 in this case since, again, the criminal

20   complaint filed against you contains only a single

21   count.

22       The criminal complaint is supported by an affidavit

23   that has been sworn to by Task Force Officer Jonathan

24   Duquette with the Federal Bureau of Investigation.

25   Officer Duquette's supporting affidavit consists of five

1    pages and twelve numbered paragraphs, and it

2    incorporates two other affidavits, an affidavit also

3    signed by Officer Duquette on September 8th consisting

4    of eleven pages and twenty five numbered paragraphs, and

5    a second affidavit, also signed by Officer Duquette on

6    September 9th, consisting of six pages and seventeen

7    numbered paragraphs.

8        In combination, the government would contend that

9    those affidavits set forth specific facts that the

10   government would contend establishes probable cause to

11   believe that you have committed the crime with which you

12   have been charged.

13       Turning to your rights, first, Mr. Dennison, you

14   have the right to remain silent.  You are not required

15   to say anything this morning.  However, other than what

16   you say privately to Attorney Hallett -- that

17   conversation, so long as it's private, is always

18   strictly privileged -- but anything else that you might

19   say, even if it's just answering a question I ask you as

20   a judge in court, that can be used against you in a

21   court of law.

22       If you have made a statement about this matter

23   before now, you need say no more.  If you start to make

24   a statement at any time, you may stop at any time.

25   Again, the important point to remember is that anything

1  that you say, whether it's in court or out of court,

2  except what you say privately to your attorney, anything

3  else can be used against you in a court of law.

4      Another right that you have, Mr. Dennison, that for

5  purposes of today you have exercised already, is the

6  right to be represented by an attorney at every step of

7  this case.  I understand that for purposes of today's

8  proceeding you have retained Attorney Thomas Hallett.

9      I simply inform you that in -- you have the right to

10 be represented by an attorney at every step of this

11 case, and should at any time you be unable financially

12 either to retain the services of Attorney Hallett, or

13 another retained counsel, and the court be satisfied

14 that you are financially eligible, then you have the

15 right to have the court appoint an attorney for you, and

16 that will be done at no cost to you.

17     Mr. Dennison, for the record, can you confirm that

18 for purposes of today you have retained Thomas Hallett,

19 Esquire, to represent you in this matter?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Thank you.  And for purposes of

22 today, Mr. Dennison, do you authorize Mr. Hallett to

23 both speak and act for you in this matter?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Thank you.  Continuing on with your

1   rights, Mr. Dennison, another right that you have in

2   this case is the right to trial, judgment, and

3   sentencing before a district judge of this court.  I am

4   a magistrate judge in this court.  And you also have the

5   right to trial by jury in this court.

6       Continuing on with your rights, if you were not a

7   United States citizen, Mr. Dennison, then you would have

8   the right to request that either an attorney for the

9   government or a federal law enforcement officer notify

10  your country of nationality of your arrest and of the

11  charge against you contained in the criminal complaint

12  filed against you with this court, and even without your

13  making such a request an international treaty or other

14  international agreement may require such consular

15  notification.

16      Continuing on with your rights, pursuant to the Due

17  Process Protection Act and Rule 5(f) of the Federal

18  Rules of Criminal Procedure, the government is reminded

19  at this time of its obligation to disclose to Mr.

20  Dennison, in a timely manner, all exculpatory

21  evidence -- that is all evidence that is either

22  favorable to him or that tends to cast doubt on the

23  United States's case against him -- as required by the

24  United States 1963 decision in <u>Brady versus Maryland</u> and

25  its progeny.

1      The failure to comply with that obligation -- and as

2   counsel know the Court will follow-up with a written

3   docket order -- could result in consequences including

4   but not limited to the reversal of any conviction, the

5   exclusion of evidence, adverse jury instructions,

6   dismissal of charges, contempt proceeding, disciplinary

7   action, and/or other sanctions by the court.

8      Continuing on with your rights, Mr. Dennison,

9   because the single charge against you in this case is

10  contained only in a criminal complaint and not in an

11  indictment returned by the grand jury, another right

12  that you have in this matter is the right to what is

13  known formally as a preliminary hearing and usually

14  called a probable cause hearing.

15     At that hearing the government would have the burden

16  to establish to the court's satisfaction that there is

17  probable cause to believe that you have committed the

18  offense with which you have been charged, and you would

19  have the right to cross-examine the government's

20  evidence and to put on any additional evidence that you

21  may wish in opposition to the government's contention

22  that probable cause exists in this case.  Of course you

23  would do that through your attorney.

24     You do have the right to give up or to waive your

25  right to the preliminary hearing or probable cause

1    hearing; but if that is something you are thinking of

2    doing, you should understand that if you do waive your

3    right to the preliminary hearing not only would the

4    preliminary hearing, or probable cause hearing, not take

5    place, but more importantly you would be agreeing to the

6    existence of probable cause in this case.

7        Mr. Hallett, what is Mr. Dennison's position with

8    regard to a probable cause hearing in this case?

9            MR. HALLETT:  He does not waive that right, Your

10   Honor.

11           THE COURT:  All right.  So we'll schedule that,

12   then, as a combined hearing together with his bail

13   hearing.

14       And we'll come back and talk about scheduling after,

15   Mr. Dennison, I have explained to you your rights with

16   regard to bail.  That is the last topic that I'll be

17   covering this morning.  And in that regard, Mr.

18   Dennison, you have the right, as do all defendants in

19   federal felony criminal cases, to be released before

20   trial either by signing or executing an appearance bond

21   in an amount that will be set by the court or simply on

22   your personal recognizance, which just means your

23   promise to appear in court whenever that's required,

24   provided under either circumstance, either a PR release

25   or a bond release, that you not commit any crime, local,

1    state, or federal, during the period of your release

2    before trial.

3        Under federal law, however, if the Court should find

4    that your release before trial will not both reasonably

5    assure your appearance, number one, and reasonably

6    assure the safety of any other person and the community,

7    number two, then under federal law you would not be

8    entitled to be released before trial.

9        Furthermore, if the Court finds that you are

10   entitled to be released before trial, that release will

11   be with such condition, or combination of conditions,

12   that is, on the one hand, least restrictive to you, but

13   on the other hand that the Court finds is needed again

14   to both reasonably assure your appearance, whenever

15   that's required, and reasonably assure the safety of any

16   other person and the community.

17       In this case, the government has filed with this

18   court a motion seeking your detention.  In its motion

19   the government is arguing that there are no conditions

20   that can be imposed by the court to reasonably assure,

21   if released, that you would not be a danger to any other

22   person and the community.

23       And just to confirm, Mr. Wolff, the government is

24   not alleging a flight risk in this case; is that

25   correct?

1          MR. WOLFF:  That is correct, Your Honor.

2          THE COURT:  All right.  So the issue then on the

3     government's motion is danger.  The government is not

4     invoking any presumption in this case.

5       Mr. Wolff, just to confirm, that's correct as well?

6          MR. WOLFF:  That is correct as well, Your Honor,

7     yes.

8          THE COURT:  All right.  Thank you.

9       And the government has asked, as it does in

10     virtually every case, for a three-day continuance of any

11     hearing on its motion.  You have the right to a hearing

12     on the government's motion for your detention, and that

13     motion would only be granted -- in other words bail

14     would only be denied -- if the court should find after a

15     hearing, based on the evidence at the hearing, that as

16     the government contends there is no condition or

17     combination of conditions that can be imposed upon you

18     to reasonably assure that you would not be a danger to

19     any other person or the community if released before

20     trial.

21       If the Court finds, after hearing, that such

22     condition or combination is available in your case, then

23     you will be released upon that condition or combination

24     of conditions.

25       If the Court finds that it is not available in your

1   case, then you would be detained pending trial.

2        One final note, if the Court does detain you after

3   hearing, pending trial, and there is a change in your

4   circumstance subsequent to the hearing on the

5   government's motion for detention, under federal law you

6   have the right, based on a change in circumstance, to

7   come back in to court and ask for a reopened hearing at

8   that time.

9        All right.  So, we need to schedule both probable

10  cause and a bail hearing.

11       And I understand from the courtroom deputy that,

12  Officer Laflin, you have already conducted an interview;

13  is that correct?

14            PROBATION OFFICER:  That is correct, Your Honor.

15            THE COURT:  Okay.  Three days from today, of

16  course, would be Friday.  Unfortunately I have two

17  hearings already scheduled in the afternoon and a

18  commitment in the morning.  So I'm just wondering

19  whether, given the fact that the interview has already

20  taken place -- and I'm simply asking this in an

21  open-ended fashion -- whether it makes sense to try to

22  schedule something before Friday, for Thursday, or

23  whether it makes more sense to go to Monday?

24       Let me start with the government -- let me start

25  actually with Officer Laflin first.

1    Officer Laflin, what's your anticipation in terms of

2    preparation of a confidential bail report?

3         PROBATION OFFICER:  I -- I would easily be able

4    to have a bail report ready by Thursday, Your Honor.  I

5    do already have a presentence interview scheduled for

6    1:00 on Thursday, so that would be the only time that

7    I'm unavailable.

8         THE COURT:  Okay.  And I also have several

9    matters scheduled for oral argument.  It's our quarterly

10   Social Security appeals this week on Thursday afternoon,

11   so I'm actually looking at Thursday morning.

12      Let me see for the government, Mr. Wolff, either

13   Thursday morning or early next week?  What's your

14   availability -- on Monday I can only do it in the

15   afternoon, on Thursday I could do it in the morning.

16        MR. WOLFF:  Your Honor, I'm available on both of

17   those days.  I did check with --

18        THE COURT:  All right.

19        MR. WOLFF:  -- Task Force Officer Duquette.  He

20   was scheduled to be out on Thursday but has said that he

21   could change that if -- if needed.

22        THE COURT:  All right.  I appreciate it.

23      Mr. Hallett, what does your schedule look like and

24   what's your preference?  This week or -- or -- or next

25   week?

1           MR. HALLETT:  Thursday would work with the

2      caveat that I -- I have a sick dog who has an emergency

3      vet scheduled for 8:30 in the morning --

4           THE COURT:  Okay.

5           MR. HALLETT:  -- and I have got to take my

6      dog -- it's pretty important, I have got to take my dog

7      to the vet out in Westbrook and then come back.  So, you

8      know, starting at 10:30 I could do it.

9           THE COURT:  Okay.

10           MR. HALLETT:  Or maybe even ten.  I don't -- I

11      think I can probably do ten.

12           THE COURT:  Okay.  How about 11:00 then on

13      Thursday morning?

14           MR. HALLETT:  That would be fine.

15           THE COURT:  Okay.  And, Mr. Wolff, does that

16      work for you?

17           MR. WOLFF:  It does, Your Honor.

18           THE COURT:  Okay.  Officer Laflin, does that

19      work for you?

20           PROBATION OFFICER:  Yes, it does, Your Honor.

21           THE COURT:  All right.  Great.  All right.

22      So, Mr. Dennison, we're going to schedule you for

23      what is known as a combined hearing, and we're going to

24      do it a day early at 11:00 on Thursday.

25      I should have explained, when the government makes a

1   request for a three-day continuance, which again it

2   makes in virtually every case, absent extraordinary

3   circumstances the court typically should grant that; but

4   because of scheduling, and because your interview has

5   already taken place for the confidential bail report,

6   I'm going to schedule a day early for this combined

7   hearing.

8        And what I mean by combined is we will address the

9   issue of probable cause first.  If either the court

10  finds, after hearing, that there is probable cause, or

11  after speaking further with Mr. Hallett you waive your

12  right to the probable cause hearing and thereby agree to

13  the existence of probable cause, we'll proceed directly

14  to bail.

15       If the Court finds at the hearing that probable

16  cause does not exist, then your complaint would be

17  dismissed.

18       So that will be scheduled for 11:00 on Thursday.  I

19  will enter an order that will temporarily detain you

20  between now and 11:00 on Thursday.

21       Is there anything else that we need to cover?

22       Mr. Wolff, anything from the Government?

23           MR. WOLFF:  No, Your Honor, thank you.

24           THE COURT:  You're welcome.

25       Mr. Hallett, anything from the defense?

1          MR. HALLETT:  Nothing from the defense, thank

2     you.

3          THE COURT:  All right.  Thanks very much,

4     everybody.  We'll be in recess.

5               (TIME NOTED:  10:09 a.m.)

6

7                    * * * * * * * *

8

9               **C E R T I F I C A T I O N**

10         I, Tammy L. Martell, Registered Merit Reporter,

11    Certified Realtime Reporter, and Official Court Reporter

12    for the United States District Court, District of Maine,

13    certify that the foregoing is a correct transcript from

14    the record of proceedings in the above-entitled matter.

15         Dated:  November 5, 2021

16                    /s/ Tammy L. Martell

17               Official Court Reporter

18

19

20

21

22

23

24

25