UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN DENNISON | CRIMINAL NO: 2:21-mj-228-JHR |

**DEFENDANT'S MOTION TO DISMISS INDICTMENT**

NOW COMES Defendant, Brian Dennison, and moves, pursuant to the due process clause of the Fifth Amendment, the right to counsel clause of the Sixth Amendment, the Bail Reform Act, and inherent power of this Honorable Court to dismiss the indictment without prejudice (thereby preserving for the government the right to prosecute the case in a manner consistent with the requirements of the foregoing), to enforce the defendant's right to effective assistance of counsel.

BACKGROUND

On September 22, 2021, Defendant Dennison was indicted on one count of Transmitting Threatening Interstate Communication, alleged to have occurred "on about" September 8, 2021. A detention hearing was held on September 16, 2021, in which Defendant contended that reasonable conditions ensuring safety and appearance could be fashioned. Albeit, the Court granted the government's motion for detention, hinging its justification strongly on the fact that, at that time, the relevant AR-15 had not been turned in, and thus concluding that detention was necessary for public safety purposes. Since then, the AR-15 has been collected by authorities. Yet, Defendant remains in custody at Cumberland County Jail ("CCJ"). Currently, CCJ has imposed COVID-19 restrictions impacting counsel visits at the facility. Thus, at this time, pretrial detention is acting to effectively deprive Mr. Dennison of his right to effective assistance of counsel. The

inability to meet in person with his attorney to review discovery and discuss defense strategy is undoubtedly inhibiting his constitutional rights.

## DISCUSSION

Under the Sixth Amendment to the United States Constitution, a defendant accused of a crime is entitled to the assistance of counsel during key stages of litigation. *Strickland v. Washington*, 466 U.S. 668, 684 (1984); *see Geders v. United States*, 425 U.S. 80 (1976) (recognizing that defendants have the right to consult with counsel "at every step in the proceedings against him"). "The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the ample opportunity to meet the case of the prosecution to which they are entitled." *Id.* at 685 (internal quotations omitted). Moreover, to meet the requirements of *Gideon*, counsel must be effective. *Strickland*, 466 U.S. at 686.

This right attaches in all federal and state criminal prosecutions in which the defendant is accused of a felony or certain serious misdemeanors. *See Argersinger v. Hamlin*, 407 U.S. 25, 37-38 (1972) (affirming that the right applies to serious misdemeanors); *Gideon v. Wainwright*, 372 U.S. 335, 342 (1963) (affirming that the right applies to felonies). The Supreme Court has long recognized that assistance of counsel is necessary to protect the fundamental right to a fair trial in criminal cases. *See Gideon*, U.S. at 339-40; *Johnson v. Zerbst*, 304 U.S. 458 (1938); *Powell v. Alabama*, 287 U.S 45, 68 (1932). That being said, the right to assistance of counsel is not solely limited to participation in a trial. In fact, the Court stated, "to deprive a person of counsel during the period prior to trial may be more damaging than denial of counsel during the trial itself." *Maine v. Moulton*, 474 U.S. 159, 170 (1985).

Here, Defendant Dennison has been, and continues to be, unable to avail himself of his fundamental right to counsel due to the aforementioned policies imposed by CCJ as a result of the COVID-19 pandemic. Currently, CCJ restricts counsel from in-person visits and limits such meetings to time-constrained video calls. Not being allowed extensive, in-person counsel visits to review and discuss the extensive discovery provided by the government has significantly obstructed counsel's ability to effectively prepare for and represent Mr. Dennison at trial.

In order to fulfill the obligation to provide Defendant Dennison with effective assistance of counsel, Undersigned Counsel respectfully moves that the case be dismissed without prejudice.

## CONCLUSION

WHEREFORE, to ensure the preservation of his constitutional rights, he respectfully moves that this case be dismissed without prejudice.

Dated November 18, 2021, in Portland, Maine.

Respectfully submitted,

*/s/ Thomas F. Hallett*

Thomas F. Hallett
*Attorney for Defendant*
HALLETT WHIPPLE WEYRENS
6 City Center, Suite 208
P.O. Box 7508
Portland, Maine 04112-7508
PH: 207-775-4255
*thallett@hww.law*

## CERTIFICATE OF SERVICE

    I, Thomas F. Hallett, Esq., hereby certify that I have caused the above *DEFENDANT'S MOTION TO DISMISS INDICTMENT* to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to counsel of record.

    Dated November 18, 2021, in Portland, Maine.

                                    Respectfully submitted,

                                      */s/ Thomas F. Hallett*

                                    Thomas F. Hallett
                                    *Attorney for Defendant*
                                    HALLETT WHIPPLE WEYRENS
                                    6 City Center, Suite 208
                                    P.O. Box 7508
                                    Portland, Maine 04112-7508
                                    PH: 207-775-4255
                                    *thallett@hww.law*