UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cr-00149-JDL |
| | ) | |
| BRIAN DENNISON | ) | |
| | ) | |

**GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS**

The United States of America, by its attorneys, Darcie N. McElwee, United States Attorney, and Craig M. Wolff, Assistant United States Attorney, respectfully responds in opposition to the motion to dismiss filed by the Defendant, Brian Dennison (Document 32). For the reasons stated below, the Court should deny the motion.

**FACTUAL BACKGROUND**

Dennison is charged in a one-count indictment with transmitting threatening interstate communications, in violation of 18 U.S.C. § 875(c). The indictment stems from Dennison's statement, posted on Twitter, that "I'm going to kill jews with my ar15 tomorrow." Following a contested detention hearing, Dennison was ordered detained pending trial. The court has granted his motion to reopen his detention hearing, and he has filed a motion for release. The reopened detention hearing is scheduled for December 20.

**ARGUMENT**

Dennison's motion to dismiss should be denied because the safety procedures in place at the Cumberland County Jail (CCJ), where he is being

held, do not infringe upon his constitutional rights. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court has held that "inmates must have a reasonable opportunity to seek and receive the assistance of attorneys," and that "[r]egulations and practices that unjustifiably obstruct the availability of professional representation or other aspects of the right of access to the courts are invalid." *Procunier v. Martinez*, 416 U.S. 396, 419 (1974), *partially overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989). However, "the Sixth Amendment does not require in all instances full and unfettered contact between an inmate and counsel." *Mann v. Reynolds*, 46 F.3d 1055, 1060 (10th Cir. 1995); *see also O'Dell v. Netherland*, 112 F.3d 773, 775 (4th Cir. 1997) (finding no Sixth Amendment right to contact visits).

    The procedures in place at CCJ are reasonable under the circumstances and consistent with the Sixth Amendment. According to information provided to government counsel by the Cumberland County Sheriff's Office, in August 2020, in response to the COVID-19 pandemic, CCJ instituted virtual professional visits for defense attorneys to meet with their clients. Such visits are held via the Google Meet platform, with defendants using iPads while in the jail's Contact Visit room. Meetings are permitted to last up to one hour, and counsel can email the jail to schedule a date and time.

CCJ has also taken other steps to accommodate counsel and their clients. Defense counsel are permitted to schedule an in-person, no-contact meeting, as long as the defendant is not currently COVID-positive or in quarantine due to close contact with someone who tested positive. Defense counsel must also pass COVID screening prior to entering the jail. Pursuant to a court order, CCJ can also arrange in-person, contact visits. The jail asks that the order require defense counsel to submit to a rapid COVID test administered by CCJ medical staff prior to entry, and that it require counsel and the defendant to remain masked at all times during the meeting. Such a meeting is only permissible if the defendant is not currently COVID-positive or in quarantine.

CCJ is offering the same range of options for Dennison and his counsel: (1) a virtual video visit; (2) an in-person, non-contact visit; or (3) with a court order, an in-person, contact visit. In light of the options available to Dennison and his counsel to meaningfully meet and confer—including in-person options—he cannot credibly claim that his constitutional rights are being violated by the protocols in place at CCJ.

Additionally, even if in-person visits were temporarily unavailable, Dennison "has failed to cite any authority for his assertion that the temporary suspension of in-person, attorney-client communication amounts to a violation of [his] rights, and that this infringement requires dismissal of the indictment or release from detention." *United States v. Flores*, No. 19-cr-

3

522-WJM, 2020 WL 3129173, *2 (D. Colo. June 12, 2020); *see also United States v. Catalui*, No. 7:19-cr-94, 2021 WL 817888, *3 (W.D. Va. Mar. 3, 2021) ("The Jail has allowed for several methods of communication to ensure constitutional rights are upheld while minimizing the risk of exposure to an extremely contagious virus … because counsel still has access to and communication with the defendant, the Jail's restrictions are reasonable."); *United States v. Shipp*, 19-CR-29 (NGG), 2020 WL 3642856, *4 (E.D.N.Y. July 6, 2020) ("Every pandemic-era decision of which the court is aware has found that temporary restrictions on attorney visits and legal calls is reasonable in light of the global pandemic and the threat it poses to inmates, residents of New York City, and the nation at large.") (internal quotation marks omitted) (citing cases).

In *Flores*, the court considered an argument quite similar to the one Dennison advances here, and concluded that "the temporary infringement of Flores's ability to communicate with his counsel in person does not amount to an unjustifiable burden on his Sixth Amendment rights." *Id.* The court also noted that if in light of communication difficulties Flores and his counsel needed additional time to prepare his case for trial, he could request an extension, but the proper remedy was not an outright dismissal of the indictment. *Id.* at *3.

The same reasoning should apply here. As noted above, CCJ has procedures in place that will provide Dennison and his counsel with adequate

4

opportunities to meet and prepare for trial. And even if in-person meetings were temporarily unavailable, Dennison fails to point to any authority that would support dismissal of the indictment.

## CONCLUSION

Dennison's constitutional rights have not been violated, and no reason exists to dismiss the indictment. The Court should therefore deny the motion to dismiss.

Respectfully submitted,

DARCIE N. MCELWEE
UNITED STATES ATTORNEY


 /s/ Craig M. Wolff
Craig M. Wolff
Assistant U.S. Attorney

Dated:  December 8, 2021

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2021, I electronically filed the above **Government's Opposition to Motion to Dismiss** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Thomas F. Hallett, Esq.**
**thallett@hww.law**

DARCIE N. MCELWEE
UNITED STATES ATTORNEY


  /s/ Craig M. Wolff
Assistant United States Attorney
United States Attorney's Office
100 Middle Street
Portland, Maine 04101
(207) 780-3257
craig.wolff@usdoj.gov

6