UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) 2:21-cr-00149-JDL-1 |
| | ) |
| BRIAN DENNISON, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS INDICTMENT**

Brian Dennison is charged with transmitting threatening interstate communication, in violation of 18 U.S.C.A. § 875(c) (West 2022). Dennison moves to dismiss the indictment against him (ECF No. 29), pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), arguing that the indictment fails to allege the elements of the charged offense. A hearing on the motion was held on February 9, 2022. For the reasons that follow, I deny the motion to dismiss.

### I. BACKGROUND

The indictment charges that, on September 8, 2021, Brian Dennison "knowingly and willfully transmitted in interstate commerce a communication containing a threat to injure the person of another." ECF No. 17. Specifically, it is alleged that Dennison violated 18 U.S.C.A. § 875(c) when he "used the internet to post on Twitter, 'I'm going to kill Jews with my ar15 tomorrow.'" *Id.*

### II. LEGAL ANALYSIS

A criminal defendant may challenge a defect in the indictment, including "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). "When considering a

1

Rule 12(b)(3) motion, the question for the court is not whether the government has presented enough evidence to support the charge, but merely whether the indictment alleges the required elements of the charged offense." *United States v. Harris*, Docket No. 2:19-cr-00202, 2020 WL 998806, at *1 (D. Me. Mar. 2, 2020). In this review, a court must consider only the indictment itself and may not weigh the sufficiency of the evidence underlying the indictment. *United States v. Stepanets*, 879 F.3d 367, 372 (1st Cir. 2018) ("When 'a defendant seeks dismissal of the indictment, the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense.'" (quoting *United States v. Savarese*, 686 F.3d 1, 7 (1st Cir. 2012))).

An indictment must include a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The Sixth Amendment requires that an indictment apprise the defendant of the charged conduct so that he or she may prepare a defense, and the Fifth Amendment requires that an indictment establish a record to show when a defense of double jeopardy may be available if future proceedings are brought. *See Russell v. United States*, 369 U.S. 749, 763-64 (1962); *United States v. Vega-Martínez*, 949 F.3d 43, 49 (1st Cir. 2020); *United States v. Hinkle*, 637 F.2d 1154, 1157 (7th Cir. 1981).

Dennison is charged with violating 18 U.S.C.A. § 875(c), which requires the interstate communication of a threat to injure the person of another, made intentionally. *Elonis v. United States*, 575 U.S. 723, 732, 740 (2015).

The First Amendment provides a right to freedom of speech; however, this right is not absolute and speech that constitutes a true threat may be criminalized. *Watts v. United States*, 394 U.S. 705, 707-08 (1969). In *Virginia v. Black*, the Supreme Court defined a true threat as a "statement[] where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." 538 U.S. 343, 359 (2003). The *Black* Court also explained that "[i]ntimidation in the constitutionally proscribable sense of the word is a type of true threat, where a speaker directs a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death." *Id.* at 360. Applying *Black*, the First Circuit has explained that a threat need not be "unequivocal, unconditional, and specific" to constitute a true threat. *United States v. Clemens*, 738 F.3d 1, 8 (1st Cir. 2013). Instead, "use of ambiguous language does not preclude a statement from being a threat." *Id.* (quoting *United States v. Fulmer*, 108 F.3d 1486, 1492 (1st Cir. 1997)).

Dennison argues that the indictment does not allege a true threat and must be dismissed because the alleged Twitter threat lacked specificity as to both the target and location of the threatened conduct. He contends that "Jews" are too numerous to comprise a specific target, particularly since the tweet did not indicate a location for the purported threat to be carried out. Thus, according to Dennison, his alleged language could not put a reasonable person in fear of bodily harm, and therefore it is not a true threat as a matter of law. In support of his argument, Dennison relies on a district court decision, *United States v. Baker*, and asserts that the case stands for

3

the proposition that a true threat requires targeting of "a sufficiently specific class of targets." 890 F. Supp. 1375, 1388 (E.D. Mich. 1995).

In *Baker*, the purported threat was a series of private emails expressing the defendant's sexual interest in violence against women and girls. *Id.* at 1379. The emails were sent by the defendant to an individual who "apparently enjoyed exchanging . . . [messages] concerning violence against women and girls." *Id.* at 1386. The recipient was unquestionably not the target of the threatened violence. *Id.* The court thus concluded in *Baker* that it would be unreasonable to expect that the recipient—the only person who received the emails—would be placed in fear of violence by the emails. *Id.* Thus, *Baker* is factually distinguishable from this case, which deals with a widely distributed public tweet. Further, *Baker* is an outlier, representing the only case identified by Dennison in which a federal court has dismissed an indictment prior to trial under the argument advanced by Dennison. *Baker* thus offers little guidance as to the level of specificity required for a true threat.

Guidance on the issue presented here is instead provided by *Black*, in which the Supreme Court considered the constitutionality of a Virginia statute that outlawed the symbolic speech of cross-burning. *See Black*, 538 U.S. at 348. The statute required as an element of the offense that the cross-burning be committed with the intent to intimidate a person or group of persons. *Id.* The Court's decision canvassed the historical use of cross-burnings in the United States to intimidate Blacks, Jews, and Whites sympathetic to the civil rights movement. *Id.* at 352-57. It concluded that the First Amendment did not prohibit the criminalization of cross-burning intended to intimidate or threaten others. *Id.* at 363.

4

Dennison's argument about the absence of "target specificity" in the tweet at issue here is not necessarily without merit. Ultimately, however, it will be for a jury to determine, in the context established by the evidence introduced at trial, whether the tweet was made with the intent to intimidate by placing persons in fear of bodily harm or death. The resolution of that question is inappropriate at this preliminary stage because the answer turns on the factual context in which the statement was made. Dennison's argument that Jews are too numerous to comprise a sufficiently specific group to be the target of a true threat relates to the sufficiency of the evidence—and not the sufficiency of the indictment—and must be resolved by the trier of fact. That "Jews" as a group is comprised of several million individuals across the globe goes to the jury's ultimate determination of whether Dennison possessed the requisite intent to communicate a threat. As the Southern District of Florida recently observed, "most courts agree that, 'in the usual case, whether a communication constitutes a threat or a true threat is a matter to be decided by the trier of fact.' And that's because, in deciding whether a statement constitutes a 'true threat,' we must look closely *both* at the speech's content *and* at its context." *United States v. Hussaini*, CASE NO. 19-60387, 2022 WL 138474, at *5 (S.D. Fla. Jan. 14, 2022) (citations omitted) (quoting *United States v. Stock*, 728 F.3d 287, 298 (3d Cir. 2013)) (collecting cases).

All of the facts that gave rise to the context surrounding Dennison's alleged tweet will be critical to the ultimate decision of whether he made a true threat. That inquiry is not for me, as the Judge, to resolve at this preliminary stage but must instead be preserved for the jury as the ultimate trier of fact.

## III.  CONCLUSION

For the foregoing reasons, Brian Dennison's Motion to Dismiss the Indictment (ECF No. 29) is **DENIED**.

**SO ORDERED.**

Dated:  March 21, 2022

                                                                                              /s/ JON D. LEVY     
                                                   **CHIEF U.S. DISTRICT JUDGE**