UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | 2:21-cr-00149-JDL |
| | ) | |
| BRIAN DENNISON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On May 24, 2022, I declared a mistrial in this case after a Government witness, U.S. Border Patrol Agent Jonathan Duquette, took a rapid antigen test and received a positive result for COVID-19 during a morning break after his testimony had begun. Agent Duquette was also the Government's case agent, and he had been present in the courtroom from the start of the trial.

The Defendant, Brian Dennison, has subsequently moved (ECF No. 123) for permission to obtain photographs; take measurements; and obtain air circulation, filtration, and monitoring information for Courtroom 2 in the Edward T. Gignoux U.S. Courthouse in Portland, or, in the alternative, for the Courthouse itself, to support a potential motion to dismiss. Dennison wishes to view the interior of Courtroom 2 with an investigator to measure and photograph the room. Dennison also seeks permission to inspect the air circulation, air filtration, and COVID air monitoring systems utilized in Courtroom 2 specifically or, alternatively, in the Gignoux Courthouse generally, as well as to access any available logs for these systems for the morning of May 24, 2022. The Government takes no position on

Dennison's motion but notes that the measurements and air circulation system information requested by Dennison does not appear to be relevant to a potential motion to dismiss.

After careful consideration, I deny Dennison's motion. The decision to declare a mistrial was not based on an assessment of the interior and dimensions of the courtroom; the status of the courtroom's or Courthouse's air circulation, air filtration, and COVID-19 air monitoring systems; or a finding as to the actual degree to which the presence of Agent Duquette had risked or would continue to risk infecting other persons in the courtroom. The decision was instead based on the requirements of the Court's General Orders regulating the conduct of jury trials in the District of Maine during the COVID-19 pandemic, as well as the possible psychological or emotional effects on the jurors and trial participants of being required to remain in the presence of a case agent/witness who had tested positive for COVID-19. At the time the mistrial was declared, Agent Duquette's testimony was anticipated to require several additional hours, and he had already been present in the courtroom for the entirety of the morning's proceedings.

For the foregoing reasons, the Defendant's Motion to Obtain Photographs/Measurements and Air Circulation Information for Federal Courthouse Courtroom #2 (ECF No. 123) is **DENIED**.

**SO ORDERED.**

Dated:  June 7, 2022

/s/ JON D. LEVY
**CHIEF U.S. DISTRICT JUDGE**