## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN DENNISON | No. 2:21-cr-00149-JDL |

### GOVERNMENT'S SENTENCING MEMORANDUM

Brian Dennison threatened to commit mass murder with an assault rifle. He stands before the Court having been found guilty of transmitting a threatening interstate communication, in violation of 18 U.S.C. § 875(c). The government respectfully submits that a sentence in the middle of the advisory guideline range is appropriate, and recommends that the Court sentence Dennison to imprisonment for 18 months, followed by three years of supervised release.

### FACTUAL BACKGROUND

The evidence at trial showed that on the morning of September 8, 2021, Dennison, using the Twitter account @Ma1lus, posted two Tweets about two minutes apart:



The Tweets were noticed and flagged by the FBI, and FBI personnel immediately attempted to identify their sender. Twitter provided login and subscriber information for @Ma1lus, including the telephone number associated with the account and a list of IP addresses used to log into the account. Information provided by Twitter and Charter Communications indicated that the IP addresses used to log into the @Ma1lus Twitter account were assigned to Dennison's residence in Buxton.

Later on September 8, FBI investigators went to the residence and spoke with Dennison's parents. They also encountered Dennison at the residence. FBI Task Force Officer Jonathan Duquette obtained a search warrant for the Dennison property later the same evening.

Investigators executed the search warrant on September 9. In Dennison's apartment above the garage on the property, agents found large amounts of both .223 caliber and 5.56 mm ammunition. Rifles with a 5.56 mm chamber can shoot both 5.56 mm and .223 rounds. Also in the apartment, investigators found drawings of Nazi imagery and Nazi memorabilia.

Agents also seized several electronic devices from the apartment, including an iPhone 11 that was powered on when investigators located it. A forensic analysis of the iPhone showed that the device name was "Brian's iPhone," and that the Apple ID associated with the iPhone was a Gmail address associated with the name Brian Dennison. The phone contained several images pertaining to the threat @Ma1lus had posted, including a screenshot that included the posted threat itself:

2



According to file information associated with the image, it was created on September 8, 2021, at 9:27:04 a.m. The image was deleted on September 8, 2021, at 11:53:06 p.m., a

few hours after investigators left Dennison's residence on September 8. The phone also contained another image of the posted threat:



Dennison's electronic devices contained numerous images and videos expressing hatred of Jewish people and sympathy toward Nazis. Records of internet searches and web browsing history showed numerous entries pertaining to the @Ma1lus Twitter account, Jewish people, Nazis and Adolf Hitler.

On October 21, 2021, Duquette obtained a search warrant for the Dennison property in Buxton. In woods on the property, investigators found a Smith and Wesson M&P-15 rifle, along with both .223 and 5.56 ammunition, in a gun case that had been hidden under leaves. Dennison had purchased the rifle in July 2016 from a firearms dealer in Gray.

## GOVERNMENT'S POSITION

Dennison faces a maximum prison term of five years. PSR ¶ 45. The Court may impose a supervised release term of not more than three years. PSR ¶ 47. A fine of up to $250,000 may be imposed, and a $100 special assessment is mandatory. PSR ¶¶ 51, 52. Restitution is not applicable in this case. PSR ¶ 55.

4

## I.   Dennison Merits a Guideline Enhancement for Obstruction of Justice

The revised PSR calculates Dennison's total offense level as a level 12 under § 2A6.1. PSR ¶¶ 14–23. At Criminal History Category I, his advisory guidelines range is 10–16 months. PSR ¶ 45.

The government submits that Dennison's conduct merits a two-level enhancement for obstruction of justice under § 3C1.1, increasing his offense level to a level 14. The only contested guideline issue is whether Dennison should receive an obstruction enhancement because he concealed an AR-15 rifle in the woods behind his residence after FBI agents visited on September 8, 2021. *See* Addendum to the Revised PSR at Dkt. #225, Government Objection No. 1. While at the residence on September 8, agents learned from Dennison's parents that he owned a few pistols and rifles, including an AR-15-style rifle. Agents then obtained search warrants for the residence, including for Dennison's apartment and vehicle.

Agents executed the search warrants on September 9, 2021. During the search, agents learned that Dennison had given three firearms to his parents prior to the execution of the warrants but had not provided them with the AR-15-style rifle. While searching Dennison's apartment, agents seized .223 caliber and 5.56 mm ammunition, both of which can be used with AR-15-style rifles. Agents subsequently searched a wooded area behind Dennison's residence on October 21, 2021, and found a Smith & Wesson model M&P-15 rifle, along with accessories for the rifle and both .223 and 5.56 ammunition. All the items recovered during the search were found inside a black rifle case that had been covered with leaves.

On November 3, 2021, agents obtained an ATF E-Trace on the Smith & Wesson model M&P-15 rifle and learned that the firearm had been purchased from Howell's Gun

5

and Archery in Gray, Maine. The following day agents obtained additional ATF forms and sales receipts from Howell's Gun and Archery confirming that Dennison purchased the M&P-15 rifle on July 14, 2016.

Under § 3C1.1, concealing evidence that is material to an official investigation is one type of conduct to which the two-level enhancement applies. Although Dennison was charged with making an interstate threat and not a firearm offense, his threat explicitly referenced "my ar15," and whether he possessed such a weapon was therefore material to the investigation. His attempt to obstruct the administration of justice by concealing the rifle qualifies him for the § 3C1.1 enhancement, increasing his offense level by two levels. *See, e.g., U.S. v. Chatman*, 994 F.2d 1510, 1517 (10th Cir. 1992) (applying two-point enhancement for defendant who flushed drugs down toilet when police entered apartment to execute search warrant).

Here, like the defendant in *Chatman*, Dennison concealed evidence material to the investigation, the AR-15, after having been confronted by law enforcement on September 8 about the threatening Tweet.[1] After law enforcement informed Dennison and his family that they were going to leave the residence to draft a search warrant, he turned over all of his firearms to his parents except for the AR-15 that he concealed in the woods behind his residence. This conduct merits the obstruction enhancement, which increases his offense level to level 14 and his advisory guideline range to 15–21 months.

## II.   A Guideline Sentence of 18 Months Is Appropriate Here

The government recommends a sentence of imprisonment in the middle of the

---

[1] The evidence at trial also showed that on the same evening, Dennison deleted a photograph of the AR-15 rifle and its accessories from his iPhone. *See* Exhs. 43, 43a.

advisory guideline range, 18 months, followed by supervised release for three years. Such a sentence is consistent with the sentences imposed nationwide for similar offenses. A guideline sentence is also sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing set forth in 18 U.S.C. § 3553(a).

### A. An 18-Month Sentence is Within the Heartland of Sentences Imposed in Similar Cases

The government's recommended sentence is squarely within the range of sentences imposed in similar cases involving similar offenders. According to statistics provided by the U.S. Sentencing Commission, during fiscal years 2021, 2022 and 2023, 128 cases were reported to the Commission in which the primary guideline was § 2A6.1, the defendant was in Criminal History Category I, and the advisory guideline range was in Sentencing Zone D. *Interactive Data Analyzer*, U.S. Sentencing Comm'n, https://ida.ussc.gov/analytics/saw.dll?Dashboard. The average sentence length in those 128 cases was 22 months, with a median sentence length of 18 months:



7

*Id.* Notably, 86.7% of the cases were resolved by guilty plea and 13.3% by trial. *Id.* In addition, very few offenders whose primary guideline is § 2A6.1 receive an enhancement for obstruction of justice. In fiscal year 2022, for example, only 3.1% of such offenders received the enhancement, and in fiscal year 2021 only 4.4% did. *See* Chapter Three Adjustments—Guideline Calculation Based, Fiscal Years 2022 and 2021, U.S. Sentencing Comm'n, https://www.ussc.gov/research/data-reports/guideline (Guideline Application Frequencies reports) By failing to accept responsibility and attempting to obstruct justice, Dennison is therefore unlike the vast majority of the defendants sentenced under § 2A6.1. Especially in light of this fact, the government's 18-month recommended sentence is quite reasonable when compared to similar cases nationwide.

**B.   The Government's Recommended Sentence Also Fulfills the Statutory Purposes of Sentencing**

An 18-month sentence also meets the most relevant statutory goals of sentencing. The Court is well aware of the nature and circumstances of the offense, which are also aptly described in the revised PSR. With respect to Dennison's history and characteristics, *see* 18 U.S.C. § 3553(a)(1), the evidence at trial demonstrated clearly that his actions stemmed from a deep and long-standing hatred of Jewish people. He began expressing anti-Semitic beliefs early in high school, espousing conspiracy theories that Jews ruled the world and Jewish bankers controlled the economy. He also became angry when talking about Jewish people. These hateful beliefs apparently only intensified over the years, as evidenced by the items found in his apartment and on his electronic devices. His transmission of a threat to kill Jews with his AR-15 was therefore not the product of a momentary bad decision, but a manifestation of a twisted worldview that he had held for many years. Although Dennison now professes to be a Buddhist, nothing in

8

the revised PSR indicates that he has repudiated his anti-Semitic beliefs.[2] To be clear, harboring such beliefs is not a crime, and Dennison has a right to express those beliefs in a legal fashion. But the fact that his violent threat stemmed from these beliefs and not from an isolated incident is an appropriately aggravating factor for sentencing purposes.

With respect to the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment, *see* 18 U.S.C. § 3553(a)(2)(A), an 18-month sentence appropriately reflects the seriousness of Dennison's offense. Threats to kill transmitted over the internet have no place in society and should be punished with a significant period of incarceration.

With respect to the need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B), the government's recommended sentence will send a message that those who use the internet to threaten death to others will see real time in federal prison.

With respect to the need for the sentence imposed to protect the public from further crimes of Dennison, *see* 18 U.S.C. § 3553(a)(2)(C), one hopes that the statements he made in his presentence interview about feeling remorseful and seeking a peaceful life are sincere. However, in light of his history of virulent anti-Semitism, protecting the public should still be a factor that guides the Court's imposition of sentence.

Finally, with respect to the need to avoid unwarranted sentence disparities, *see* 18 U.S.C. § 3553(a)(6), the government's request for a guideline sentence addresses this factor. As noted above, an 18-month sentence is in line with sentences imposed

---

[2] Indeed, Paragraph 36, which recounts his performance in mental health treatment, suggests that he still harbors these beliefs and does not view them as problematic.

nationwide for defendants with similar records who have been found guilty of similar conduct.

## CONCLUSION

The government recommends a sentence of imprisonment for 18 months, followed by three years of supervised release. Such a sentence is sufficient, but not greater than necessary, to comply with all the statutory purposes of sentencing.

Dated: April 8, 2024

Respectfully submitted,

DARCIE N. MCELWEE
UNITED STATES ATTORNEY

By:  /s/ Craig M. Wolff
Craig M. Wolff
Assistant United States Attorney

 /s/ Johnathan G. Nathans
Johnathan G. Nathans
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2024, I electronically filed this **Government's Sentencing Memorandum** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Thomas F. Hallett, Esq.**
**thallett@hww.law**

**Grainne Dunne, Esq.**
**gdunne@hww.law**

                                          DARCIE N. MCELWEE
                                          UNITED STATES ATTORNEY

                                          /s/ Craig M. Wolff
                                          Assistant United States Attorney
                                          United States Attorney's Office
                                          100 Middle Street
                                          Portland, Maine 04101
                                          (207) 780-3257
                                          craig.wolff@usdoj.gov